McGOWAN v. REID.

1. A chattel mortgage is good between the parties without witnesses, but must have one witness and probate to entitle it to record. Where it has two subscribing witnesses, proof by one is sufficient to entitle it to be introduced in evidence.

2. But, *it seems*, where a certain number of witnesses is required to make a paper valid, all of that number so subscribing should be produced, if within reach of the court, whenever there is any real contest over the execution.

3. The mortgagee of chattels, after condition broken, is entitled to the possession of the property, and he may, by parol, authorize an agent to make seizure thereof. Here the authority to seize was in writing, and witnessed, but not being denied, and a witness not required by law, it was not necessary to produce the subscribing witness.

4. Where the mortgagor points out property to the agent of the mortgagee as that which is covered by the mortgage, he cannot afterwards recover damages for illegal seizure, upon the allegation that the property seized was not embraced in the mortgage.

5. A mortgage may subsist as a valid security, although the note secured thereby is barred by the statute of limitations.

6. The possession of a chattel by the mortgagor after condition broken is not adverse, where such possession is permissive and by consent.

Before FRASER, J., Newberry, November, 1886.

At the hearing of this appeal, Mr. Justice McGowan declined to sit on account of his relationship to one of the parties. The facts of the case sufficiently appear in the opinion of the court.

*Mr. F. P. McGowan,* for appellant.

*Mr. T. S. Moorman,* contra.

September 10, 1887.  The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, in November, 1879, executed a mortgage conveying to the defendant, respondent, three mules, one horse, and fifty sheep, to secure a debt of $206.79, payable on January 1, 1880. The property remained in the possession of the appellant until March 6, 1886, when the respondent seized two mules and eighteen sheep under and by virtue of said mortgage. This seizure was made by an agent of respondent, appointed for that purpose. The action below was brought for damages on account of said seizure. The verdict was for the defendant, respondent, and the plaintiff has appealed upon the following exceptions, to wit:

I. "Because his honor erred in holding that it was not neces-

sary to produce both of the subscribing witnesses to the mortgage to prove its execution.

II. "Because his honor erred in allowing the power to foreclose the mortgage to be proved in the absence of the subscriber to the same, and in holding that it was not necessary for such power to be given under seal.

III. "Because he erred in charging the jury that they must take the mortgage as proof in the case.

IV. "Because he erred in charging that if the plaintiff pointed out the stock to the agent as covered by the mortgage, he is now estopped.

V. "Because he erred in charging that the natural increase of the stock was covered by the mortgage, although the mortgage does not purport to cover such.

VI. "Because he erred in refusing to charge as requested, viz., that the mortgage was barred by the statute of limitations.

VII. "Because he erred in charging that the plaintiff's possession of the stock was permissive, and that it was necessary for him to give notice to the mortgagee, or to do some act changing the character of his possession, before the plaintiff's possession could ever bar defendant's right to seize the property."

It appears that the mortgage had two subscribing witnesses. The plaintiff, in making out his case, admitted the existence of the mortgage, and that it had not been satisfied; but when it was interposed by the defence, he objected to its introduction, on the ground that it had not been proved, whereupon W. R. Reid, one of the subscribing witnesses, proved its execution and delivery, and when the defendant was put upon the stand, the mortgage was handed to him, who testified that it was under it that he had seized and sold the property. The plaintiff objected that the mortgage had not been offered in evidence, and there appearing two witnesses thereto it could not be introduced until proved by both of said witnesses. The judge ruled that proof by one was sufficient, but he suggested that the handwriting of the other be proved, which was done, when the mortgage was admitted.

We know of no law which requires a chattel mortgage to be attested by subscribing witnesses, one or more, in order to make it valid between the parties. True, with a view to recording it

should be attested by at least one witness, so that it might be probated to the end of recording; but between the parties it is good without recording and without the presence of an attesting witness.   But even if one or more witnesses were required, *non constat* but that one might prove it.   Mr. Greenleaf and Mr. Starkie both say, in discussing the mode of proving private papers, that the instrument being produced must be proved by the subscribing witnesses, if there be any, or at least by one of them.   1 *Greenl. Evid.*, section 569; *Starkie*, 504.   Where there are more subscribing witnesses than one, the absence of all must be accounted for before secondary evidence can be let in. 1 *Greenl.*, section 574.   And, doubtless, where the law requires more than one attesting witness to make the paper valid, and there is a real contest over the proper execution, all should be produced, if alive and within the reach of the court, but if any are dead or absent, proof of handwriting will be sufficient.   But where attestation is not necessary to the validity of the paper, and yet it happened to be attested by one or more witnesses, we do not know that all of them should be produced at the trial, as the only mode of proving its execution.   In analogy to bonds and notes under section 2213, General Statutes, if the execution is denied under oath, it might be necessary to prove it by the subscribing witness; but when not thus denied, in accordance with the act in such cases, such testimony would be unnecessary.

But be this as it may, here one of the subscribing witnesses testified, proving the execution and the delivery, and also the handwriting of the other.   Under these circumstances the judge held the evidence sufficient and let the mortgage go to the jury as part of the evidence of the defendant, which is the complaint in the 3d exception.   We do not understand that in thus ruling his honor charged upon the facts, nor was there any legal error in either of his holdings on this subject.   The cases relied on by appellant, *i. e.*, *Hopkins* v. *Albertson*, 2 *Bay*, 484; *Sims* v. *Degraffenreid*, 4 *McCord*, 253; and 1 *Brev.*, 245, &c., &c., were cases in which the paper in question was·required under the law to be attested by two or more subscribing witnesses.   In such cases, as we have said above, the witnesses must be produced or their absence accounted for, when the handwriting may be

proved. But these cases have no application here. In any event, we do not think that his honor erred in this case in overruling plaintiff's objection as to the necessity of producing both of the subscribing witnesses to the mortgage, nor in allowing the mortgage to go to the jury on the evidence taken.

This disposes of exceptions one and three, and also exception two, as very much the same objection is raised therein in reference to the appointment of the agent who seized the property as that already discussed. The action of the plaintiff recognizes the agency, as the defendant is sued for the act of the agent. But besides this it is not necessary that power to seize a chattel under a mortgage covering it should be delegated in writing under seal or otherwise. In contemplation of law chattels conveyed by mortgage, at least after condition broken, become the property of the mortgagee, subject to his seizure, either through the sheriff or any other agent appointed by him, but we do not know that the authority to seize should necessarily be in writing. Here it seems that it was in writing and attested, but we think the position taken above as to the proof of the mortgage applies to the agency. No witness being required, and no denial on oath being made, it was not necessary to call the attesting witness to the appointment.

The 4th exception complains because his honor charged that if the appellant pointed out the stock to the agent, he was now estopped. When this remark is taken in connection with the immediate context, there was no error. The judge had just charged that if the defendant seized property not embraced in the mortgage, he was liable; but then said in substance that if the plaintiff pointed out the stock seized as the property covered by the mortgage, he could not now complain. In other words, having admitted at the time of the seizure that the stock seized was embraced in the mortgage, and having pointed it out as the property mortgaged by him, he could not now dispute it so as to recover damages for an illegal seizure.

What his honor said as to the natural increase had no application to the case, as there was no allegation or contention that any increase had been seized.

The 6th exception concerns the plea of the statute of limita-

tions. If the action below had been an action by the defendant against the plaintiff for the foreclosure of his mortgage, the pertinency of this plea would have been more apparent. In such case the question whether or not the mortgage was barred by the statute might have been raised, but even in that event we think his honor's ruling would have been correct. In the recent case of *Nichols* v. *Briggs* (18 *S. C.*, 473), this court held that the fact that a note secured by a mortgage might be barred did not necessarily bar the mortgage. A debt may be evidenced by several securities, and while the payment of the debt would extinguish all, yet the fact that suit could not be brought on one would not of itself prevent action upon the others. As to this, each would stand upon its own character. Here there was a note which no doubt was barred, but in addition there was a mortgage, which, not being a note or personal bond for money only, was not subject to the statute interposed.

The action below, however, was not by the defendant against the plaintiff to foreclose his mortgage, but it was an action by the plaintiff for the recovery of personal property and for trespass thereon. And the real question in the case, growing out of the fact that the defendant claimed immunity for taking the property, on the ground that the property was his, is, was he barred by the statute from asserting his claim, admitting that at one time it was a valid claim, and could have once been asserted as was done here? In other words, could the plaintiff rely upon the six years' possession, which it is admitted he had held? Should the defendant have asserted his right within the six years, and having failed so to do, had the possession of plaintiff ripened into a good title, upon which the seizure of the defendant was a trespass, and wrongful? There is no doubt that six years' possession of a chattel as owner, and in defiance of all others, will ordinarily prove and give title, but such possession must be open and adverse. It must be in opposition to the true owner; where, however, it is permissive, and by consent so understood, and so acted upon, it cannot ripen into a title and thus defeat the legal owner. His honor charged in accordance with this principle, and we think he was correct.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.